UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAMES L. HARVEY, JR., EDITH K. HARVEY,<br>*Plaintiffs*<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC.,<br>*Defendant* | § § § § § § § § § §   No.  1:23-CV-00742-DII |

ORDER

Defendant J.B. Hunt Transport, Inc. moves to exclude certain opinions of Plaintiffs' expert, Roger Allen. Dkt. 14. The District Judge referred the motion to the undersigned for disposition. The Court set the motion for hearing, Dkt. 22, and after considering the parties' filings, the applicable law, and counsel's arguments at that hearing, the Court announced its ruling on the motion, and the reasons for that ruling, on the record. This written order memorializes that ruling.

For the reasons stated on the record, the Court **GRANTS** J.B. Hunt's motion, Dkt. 14, in its entirety and **ORDERS** that the following opinions of Plaintiffs' expert, Roger Allen, are **INADMISSIBLE** for failing to satisfy the standard set out in Federal Rule of Evidence 702:

1. "By being a licensed and authorized motor carrier JB Hunt is required to know, follow, and adhere to all of the Federal Motor Carrier Safety Regulations (hereinafter referred to as FMCSR) and to instruct and train

1

its employees and drivers to know, follow and adhere to all FMCSR." Allen Report, at 4-5 (Dkt. 14-1, at 6-7).

2. "Commercial motor vehicle drivers are required to follow the FMSCR that pertains to them as drivers, as well as state and local traffic laws." Allen Report, at 9 (Dkt. 14-1, at 11).

3. "Therefore, under this regulation and the agency relationship, JB Hunt was responsible for Taylor at the time of this incident since she was driving a vehicle, in the course and scope of her employment, under the control and supervision of JB Hunt, and was performing an activity on behalf of JB Hunt in furtherance of JB Hunt's business. Allen Report, at 6-7 (Dkt. 14-1, at 8-9).

4. "JB Hunt must take full responsibility for this incident and the injuries and damages that resulted in it." Allen Report, at 8 (Dkt. 14-1, at 10).

5. "Negligence is the failure to exercise ordinary care to avoid injury to another person or property. 'Ordinary care' is the care which a reasonable careful person would use under the same or similar circumstances." Allen Report, at 9 (Dkt. 14-1, at 11).

6. "JB Hunt failed to use ordinary care, meaning that degree of care that a company of ordinary prudence would use under the same or similar circumstances." Allen Report, at 8 (Dkt. 14-1, at 10).

7. "The failures in their [sic] instance resulted in serious harm and neither safeguarded others nor set an example of exemplary safety." Allen Report, at 9 (Dkt. 14-1, at 11).

8. "It is my opinion operator Taylor's conduct in causing this incident was both negligent and reached a level of gross negligence by not following JB Hunt's policies and procedures regarding leaving a dock and the policies and procedures at Lowes." Allen Report, at 10 (Dkt. 14-1, at 12).

9. "It is my opinion the actions and inactions of Taylor and JB Hunt, based on my knowledge, training and the federal motor carrier safety regulations, reached the level of gross negligence and reckless disregard for the safety and well-being of the public generally and, in this instance, the working men and women who load and unload these vehicles." Allen Report, at 10 (Dkt. 14-1, at 12).

10. "Operator Taylor violated JB Hunt's policies and procedures regarding leaving a dock." Allen Report, at 6 (Dkt. 14-1, at 8).

11. "Taylor violated five of the seven rules in the zero tolerance dock door policy as well as the well-known Lowes dock procedures." Allen Report, at 7 (Dkt. 14-1, at 9).

12. "Had Taylor done what was expected of her and followed the Lowes procedures or any one of the dock door policy rules this incidence would not have happened." Allen Report, at 7 (Dkt. 14-1, at 9).

13. "The Motor Fleet Safety Manual states on page 8 under Human and Social Costs of Incidents, 'Management has the ultimate responsibility to its work force and to the public to prevent incidents while company vehicles travel on public streets and highways.' While not expressly stated, this responsibility continues during loading and unloading operations for the same reasons—'to prevent incidents.'" Allen Report, at 5 (Dkt. 14-1, at 7).

14. The Court further finds, as set out in Part D of J.B. Hunt's motion, *see* Dkt. 14, at 8, that Plaintiffs have failed to establish the relevance or reliability of *any* of Allen's general references to the FMCSRs, as disclosed in his expert report, and that such references are, therefore, likewise inadmissible.

SIGNED June 5, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE